IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| A GENTLEMAN'S ROLEX OYSTER | ) | |
| PERPETUAL DATE WATCH, | ) | |
| | ) | |
| Defendant. | ) | |

VERIFIED COMPLAINT FOR FORFEITURE

AND NOW comes the United States of America by and through its counsel, Eric G.

Olshan, United States Attorney for the Western District of Pennsylvania, and Jill L. Locnikar,

Assistant United States Attorney for the Western District, and respectfully represents as follows:

1.  Plaintiff, the United States of America, brings this civil action *in rem* for forfeiture to

the United States of a Gentleman's Rolex Oyster Perpetual Date Watch, further described by

asset identification number 24-DEA-710905 (the "Defendant Property"), pursuant to 18 U.S.C. §

982(a)(1), 853(a)(2) and 853(p).

2.  Jurisdiction is predicated upon 28 U.S.C. § 1345 and § 1355(a).   Venue is proper

under 28 U.S.C. § 1395 and § 1355(b).

3.  In February 2022, the Pittsburgh District Office (PDO) initiated an investigation into

numerous individuals who were purchasing cocaine from Puerto Rico, which was shipped via the

United States Postal Service and subsequently delivered to individuals in the New

Castle/Lawrence County, PA area for further distribution.

4.   During the investigation, through Confidential Source ("CS") information and electronic and physical surveillance, agents determined that Daniel Feliciano ("Feliciano") is a regional distributor of cocaine in the New Castle area and sells to other lower-level distributors.

5.   Feliciano became the subject of a criminal investigation (the "Investigation") conducted by the Drug Enforcement Administration ("DEA") for violating 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C) as well as violations of 18 U.S.C. § 924(c)(1)(A)(i).

6.   The Investigation revealed that, during the period beginning in and around October, 2022 and continuing until in and around March, 2024, Feliciano and others did knowingly, intentionally and unlawfully conspire with one another to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine in the Western District of Pennsylvania and elsewhere and generated thousands of dollars of illegal drug proceeds in violation of 21 U.S.C. § 841(a)(1).

7.   The Investigation also revealed that the Defendant Property represents proceeds generated from the illegal distribution of controlled substances in violation of 21 U.S.C. § 841, and, therefore, is forfeitable to the United States pursuant to 21 U.S. C. § 881(a)(6).

8.   On or about December 8, 2024, during a court-authorized Title III wiretapped communication, Feliciano told his Puerto Rico-based cocaine source of supply, Jean Sanchez Tulla, that he would sell the watch to purchase a whole kilogram of cocaine.

9.   On or about December 11, 2023, during another court-authorized Title III wiretapped communication, Feliciano told his mother that he had purchased the Rolex watch for himself.

10.   On or about March 9, 2024, during another court-authorized Title III wiretapped communication, Feliciano told his Puerto Rico-based cocaine source of supply, Jean Sanchez Tulla, that he would send Sanchez Tulla the Rolex watch to be sold in Puerto Rico. During this

conversation, Feliciano told Sanchez Tulla that the watch was stolen so Feliciano was unable to pawn the watch locally.

11.   On April 11, 2023, a confidential source (CS) conducted a controlled purchase of approximately four grams of powdered cocaine and four grams of crack cocaine from Feliciano at his residence located at 517 East Lutton Street in New Castle, PA, as confirmed by lab analysis.

12.   On July 6, 2023, another CS conducted a controlled purchase of an "8 ball" or approximately an eighth of an ounce of cocaine at 517 East Lutton Street, as confirmed by lab analysis.

13.   On March 14, 2024, pursuant to a Federal Search Warrant, Pittsburgh District Office (PDO) Group #62, with the assistance of the Lawrence County Special Emergency Response Team (SERT), executed a Federal Arrest and Search Warrant at 517 East Lutton Street, New Castle, PA 16101.

14.   During the execution of the search warrant, law enforcement seized drug and non-drug items, including the Defendant Property, in connection with the drug-related investigation of Feliciano. The Defendant Property has remained in the Western District of Pennsylvania in the custody of the United States Marshals Service.

15.   Specifically, law enforcement seized approximately 150 grams of cocaine from 517 East Lutton Street, as confirmed by lab analysis.

16.   Non-drug items that were seized during the search include, but are not limited to, drug scales containing cocaine residue, as confirmed by lab analysis, a black case containing packages of cocaine, numerous bags of drug paraphernalia, multiple cell phones, approximately $1,952 in United States currency, multiple firearms with loaded magazines, and miscellaneous

ammunition.

16.   Subsequent to the seizure, the DEA instituted administrative forfeiture proceedings against the Defendant Property. Feliciano filed a claim to the Defendant Property as part of the administrative proceedings. Feliciano's statement in his claim is contrary to the information gathered through the Title III wiretapped communications conducted as part of the criminal investigation. As a result, the United States has instituted this civil forfeiture action against the Defendant Property.

17.   On March 12, 2024, a Grand Jury in the Western District of Pennsylvania returned an eight-count Indictment naming Feliciano and thirteen other co-defendants.

18.   By reason of the foregoing, and under the provisions of 21 U.S.C. § 853(a)(1) and 853(a)(2), the Defendant Property is forfeitable to the United States.

WHEREFORE, the United States of America respectfully requests that this Honorable Court enter Judgment of Forfeiture in favor of the United States for the Defendant Property; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this Action.

ERIC G. OLSHAN
United States Attorney

*/s/ Jill L. Locnikar*
JILL L. LOCNIKAR
Assistant U.S. Attorney
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7429
(412) 644-6995 (fax)
jill.locnikar@usdoj.gov
PA ID No. 85892 (AFF)

## VERIFICATION

I am a Task Force Office of the Drug Enforcement Administration, Department of Justice, and the case agent assigned to this case.

I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this _21st_ day of _August_, 2024.


_____
Jeffrey Morell, Task Force Officer
Drug Enforcement Administration